**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MERRILL LYNCH PROFESSIONAL
CLEARING CORP., PERSHING LLC AND
CELADON FINANCIAL GROUP, LLC,

        *Petitioners,*

        *v.*

ODS CAPITAL, LLC,

        *Respondent.*

Case No. _____

**JOINT PETITION TO CONFIRM ARBITRATION AWARD**

Petitioners Merrill Lynch Professional Clearing Corporation ("Merrill Pro"), Pershing

LLC ("Pershing") and Celadon Financial Group, LLC ("Celadon") (collectively, "Petitioners")

bring this Petition pursuant to Section 9 of the Federal Arbitration Act, (9 U.S.C. § 9), for an

order confirming the Financial Institution Regulatory Authority ("FINRA") arbitration award

(the "Award") entered April 27, 2023 in favor of Petitioners and against Respondent ODS

Capital, LLC ("ODS" or "Respondent," and together with Petitioners, the "Parties").[1]

**THE PARTIES**

1.     Merrill Pro is a corporation incorporated in the state of Delaware and

headquartered at One Bryant Park, New York, NY 10036.  Merrill Pro is a securities brokerage

firm and FINRA member organization.

---

[1] On March 24, 2023, the Panel issued an initial award which contained the same rulings and relief as that set forth in the Award, except that it granted Celadon only a portion of its requested attorneys' fees and costs.  Celadon timely moved for modification or correction under FINRA Rule 12905.  On April 27, 2023, the Panel issued the corrected Award, in which it granted Celadon its full fees and found that the initial award contained "an inadvertent clerical and/or mathematical error" regarding Celadon's attorneys' fees and costs.  (*See* Ex. A (Award) at 4, 5.)

2.      Pershing is a limited liability company organized in the state of Delaware and headquartered at One Pershing Plaza, Jersey City, NJ 07399.  Pershing is a securities brokerage firm and FINRA member organization.

3.      Celadon is a limited liability company organized in the state of Delaware and headquartered at 10 North Park Place, Suite 420, Morristown, NJ 07960.  Celadon is a securities brokerage firm and FINRA member organization.

4.      ODS is a limited liability company organized in the state of Florida; located at 78 Lighthouse Driver, Jupiter, Florida 33469; and wholly owned and managed by its managing member, Hilary L. Shane.

## JURISDICTION AND VENUE

5.      The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because Petitioners and Respondent are citizens of different states and, as explained in more detail below, the Award, attached as Exhibit A hereto, constitutes an amount that exceeds $75,000, exclusive of interests and costs.

6.      The Court has personal jurisdiction over ODS because ODS is wholly managed in and was organized in the Southern District of Florida.

7.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) and 9 U.S.C. § 9 because ODS resides in and is wholly managed in this district and is a resident of the state of Florida; the arbitration hearing took place in this district; and the Award was made in this district.

## BACKGROUND

8.      At all times relevant to the underlying arbitration, ODS was bound by separate customer agreements with Petitioners that contained pre-dispute arbitration agreements (the "Arbitration Agreements") providing for the arbitration in FINRA's dispute resolution forum of

all disputes arising out of securities transactions conducted pursuant to those agreements.  (*See* Ex. B (Pershing Margin Agreement) §§ 20–21; Ex. C (Merrill Pro Introduced Customer Agreement for Financing Services) §§ 33–34; Ex. D (Celadon New Account Application and Agreement for Institutional Clients) § 11.)

9.      Specifically, the Pershing Margin Agreement provides that "[a]ny controversy between you and us shall be submitted to arbitration before the Financial Industry Regulatory Authority."  (Ex. B (Pershing Margin Agreement) § 21.)

10.      The Merrill Pro Introduced Customer Agreement for Financing Services provides that "[a]ny dispute arising out of, relating to or in connection with this agreement may be determined by arbitration at the election of any of introducing broker [Celadon], clearing member [Merrill Pro] or customer [ODS]. . . . Arbitration shall be conducted only before the Financial Industry Regulatory Authority or any other self-regulatory organization of which clearing member is a member[.]"  (Ex. C (Merrill Pro Introduced Customer Agreement for Financing Services) § 34.)

11.      The Celadon New Account Application and Agreement for Institutional Clients provides that "[a]ny controversy which may arise between us, including but not limited to those involving any transaction or the construction, performance, or breach of this or any other agreement between us . . .  shall be determined by arbitration. . . . Any controversy between us shall be submitted to arbitration before FINRA in accordance with rules then prevailing."  (Ex. D (Celadon New Account Application and Agreement for Institutional Clients) § 11.)

12.      The Arbitration Agreements thus encompassed any disputes between ODS and the Petitioners, including but not limited to disputes relating to the transactions in ODS's accounts with the Petitioners.  As relevant here, the Arbitration Agreements encompass disputes

3

related to charges resulting from short positions ODS held in the stock of three companies—namely, the Dole Food Company, Inc. ("Dole"), Starz Entertainment, LLC ("Starz") and Calamos Asset Management, Inc. ("Calamos")—at the time they were acquired in mergers. (*See id.*)

13.     On December 1, 2020, pursuant to the Arbitration Agreements, ODS filed a statement of claim against Petitioners in FINRA's dispute resolution forum that asserted 10 claims all arising out of the same event—namely, a $1,306,288 debit that was applied to ODS's account at Merrill Pro, on approval from ODS's introducing broker, Celadon, in order to satisfy an outstanding debt ODS owed to Pershing.  The debt arose from a short position ODS took in Dole stock shortly before Dole was acquired in a going-private transaction.  When the settlement of post-merger litigation resulted in additional payments to holders of Dole stock ("long" holders) at the time of the acquisition, ODS—as a short-seller at the time of the acquisition—was charged in order to fully compensate long holders. ODS objected to this charge.[2]  ODS sought, among other relief, treble damages of $3,918.864.00.

14.     On February 4, 2021, Merrill Pro, Pershing and Celadon all filed answers denying all liability for the claims asserted by ODS.  In addition, Merrill Pro filed counterclaims against ODS based on ODS's failure to pay similar consideration awarded in the Starz and Calamos merger litigation settlements, which ODS owed as a result of short positions it had taken and never closed prior to those mergers.  Merrill Pro sought, among other relief, compensatory damages of at least $534,715.02.

15.     ODS entered into a FINRA Arbitration Submission Agreement at the time it filed its Statement of Claim.  The Submission Agreement provided that ODS "submit[ted] the present

---

[2] The Parties' arbitration was captioned *ODS Capital, LLC v. Pershing LLC, Merrill Lynch Professional Clearing Corp. and Celadon Financial Group, LLC,* FINRA case No. 20-03928.

matter, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA Bylaws, Rules, and Code of Arbitration Procedure," that it "agree[d] to abide by and perform any award(s) rendered pursuant to this Submission Agreement," and that it "agree[d] that a judgment and any interest due thereon, may be entered upon such award(s)[.]"  (Ex. E (ODS Submission Agreement).)  Pershing, Merrill Pro, and Celadon also entered into FINRA Arbitration Submission Agreements at the outset of the case.  (*See* Ex. F (Pershing Submission Agreement); Ex. G (Merrill Pro Submission Agreement); Ex. H (Celadon Submission Agreement).)

16.     An arbitration hearing on the merits of ODS's claims and Merrill Pro's counterclaims began on January 23, 2023.  The Panel heard nine days of testimony and argument—totaling 18 hearing sessions—at the Doubletree by Hilton Deerfield Beach – Boca Raton in Boca Raton, Florida.

17.     Each Party requested its attorneys' fees and costs and submitted to the Arbitrators the question whether such fees and costs should be awarded.

18.     On April 27, 2023, the Panel issued the Award in favor of Petitioners and against Respondent.  (*See* Ex. A (Award).)  Specifically, the Panel rendered the following rulings and relief "in full and final resolution of the issues submitted for determination":

- ODS's ten claims arising out of the Dole merger litigation settlement are denied in their entirety.

- ODS is liable for and must pay Merrill Pro $533,643.43 in compensatory damages, including $359,609.39 for Merrill Pro's Starz counterclaim and $174,034.04 for its Calamos counterclaim.  ODS is also liable for and must pay Merrill Pro $1,312,080.60 in attorneys' fees and costs.

- ODS is liable for and must pay Pershing $892,512.73 in attorneys' fees and costs, that is, $751,527.68 in attorneys' fees and $140,985.05 in costs.

- ODS is liable for and must pay Celadon $309,573.19 in attorneys' fees and costs, that is, $269,945.55 in attorneys' fees and $39,627.64 in costs.

(*Id.* at 4.)

19.     Accordingly, Petitioners seek to confirm the Award pursuant to Section 9 of the FAA.

### MEMORANDUM OF LAW

20.     Section 9 of the FAA provides that, "at any time within one year after the [arbitration] award is made," any party to the arbitration can petition a federal district court "for an order confirming the award, and thereupon the court *must grant* such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9 (emphasis added).

21.     "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (quoting 9 U.S.C. § 9).   Indeed, the grounds for vacatur, modification or correction of an arbitration award listed in sections 10 and 11 of the FAA[3] are the only bases for these forms of relief. *See id.* at 584 (holding that the

---

[3] Section 10 of the FAA provides that an arbitration award can be vacated in only four narrow circumstances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

statutory grounds are "exclusive"); *see also Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313

(11th Cir. 2010) (holding that "our judicially-created bases for vacatur" are no longer valid).

22.     The FAA "imposes a heavy presumption in favor of confirming arbitration

awards." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002) (citing 9 U.S.C. §

9); *see also White Springs Agric. Chems., Inc. v. Glawson Inv. Corp.*, 660 F.3d 1277, 1281 (11th

Cir. 2011) (asserting that "federal courts should defer to an arbitrator's decision whenever

possible" (internal quotation marks omitted)); *Moses H. Cone Mem. Hosp. v. Mercury Constr.*

*Corp.*, 460 U.S. 1, 24 (1983) (noting the "liberal federal policy favoring arbitration

agreements").  Accordingly, "a court's confirmation of an arbitration award is usually routine or

summary." *Riccard*, 307 F.3d at 1288.

23.     Petitioners timely brought this Petition to confirm the Award: they filed it within

one year of the date the Award was made, April 27, 2023.  *See* 9 U.S.C. § 9; (Ex. A, Award).

Moreover, none of the grounds for vacatur, modification or correction of an award set forth in

sections 10 and 11 of the FAA is applicable.  *See supra* n. 3.  As a consequence, pursuant to

Section 9, the Court "must" confirm the Award.

---

Likewise, section 11 allows for the modification or correction of an award in only three limited
situations:

(a) Where there was an evident material miscalculation of figures or an evident material
mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a
matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the
controversy.

**WHEREFORE**, Petitioners Merrill Pro, Pershing and Celadon respectfully request that the Court:

- Issue an order, pursuant to Section 9 of the FAA, granting this Petition and confirming the Award entered on April 27, 2023 in *ODS Capital, LLC v. Pershing LLC, Merrill Lynch Professional Clearing Corp. and Celadon Financial Group, LLC,* FINRA case No. 20-03928;

- Direct that judgment be entered, consistent with the Award, against ODS and in favor of (a) Merrill Pro in the amount of $1,845,724.03; (b) Pershing in the amount of $892,512.73; and (c) Celadon in the amount of $309,573.19;

- Reserve jurisdiction following entry of judgment in favor of Petitioners to determine that Petitioners are entitled to an award of the attorneys' fees and costs they incurred in seeking confirmation of the Award;

- Reserve jurisdiction following entry of judgment in favor of Petitioners to determine that Petitioners are entitled to an award of post-judgment interest; and

- Award Petitioners any additional relief the Court deems just and appropriate.

Dated:  May 1, 2023                                          Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**

/s/ *Sara Soto*
Sara Soto
Fla. Bar. No. 265152
200 South Biscayne Boulevard, Suite 2401
Miami, FL 33131
Tel: (305) 501-5480
ssoto@bressler.com
*Attorney for Merrill Lynch Professional*
*Clearing Corporation and Pershing LLC*

**FOWLER WHITE BURNETT, P.A.**

/s/ *Ronald Shindler*
Ronald Shindler
Fla. Bar. No. 781703
200 East Olas Boulevard
Suite 2000 – Penthouse B
Fort Lauderdale, Florida 33301
Tel: (954) 377-8100
rshindler@fowler-white.com
*Attorney for Celadon Financial Group, LLC*